| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ROMEZ JOSE SABAGH CAJELI #22284-078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:17-CV-831 |
| § | CRIMINAL ACTION NO. 4:13-CR-38(17) |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *pro se* Movant Romez Jose Sabagh Cajeli's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1) pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division, conviction. After careful consideration and for the reasons stated below, the Court is of the opinion that the motion should be denied.

**BACKGROUND**

On October 6, 2016, pursuant to a plea agreement, Movant pleaded guilty to conspiracy to possess with intent to manufacture and distribute cocaine, in violation of 18 U.S.C. § 846. Based on a final offense level of 33 and criminal history category of I, the Presentence Report ("PSR") calculated a guideline sentencing range of 135 to 168 months' imprisonment. The Court sentenced Movant to 135 months' imprisonment on March 12, 2017, and Movant did not file a direct appeal. On November 29, 2017, Movant filed the instant § 2255 motion, asserting he is entitled to relief because the PSR incorrectly failed to reduce his offense level based on his minor role in the offense and because his attorney was ineffective. The Government filed a Response, asserting that Movant's claims are barred by the waiver in his plea agreement and are without merit. Movant filed a Reply.

## STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076 (1992). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## MOVANT'S GUILTY PLEA

Movant pleaded guilty pursuant to a written plea agreement. In his plea agreement, Movant waived his rights to plead not guilty, to be tried by a jury, to have his guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses in his defense, and not to be compelled to testify against himself. He stated that he understood the charge and the elements of the offenses, as well as the possible sentences he faced. Movant stipulated that his guilty plea was freely and voluntary given and was not the result of force, threats, or promises, other than those contained in the written plea agreement. Also included in his plea agreement is the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in

> this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Criminal Action No. 4:13-CR-38(17) (Dkt. #453). Because Movant raises an issue that is not reserved for collateral review pursuant to his guilty plea waiver, the Court first examines whether Movant knowingly and voluntarily pleaded guilty, as informed and voluntary waivers of post-conviction relief are upheld by the Fifth Circuit. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

In Movant's plea agreement, he states:

> The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Criminal Action No. 4:13-CR-38(17) (Dkt. #453). Movant's plea agreement also states, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement." *Id*. Further, Movant states, "I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." *Id*. Movant's signed plea agreement shows that his guilty plea was knowingly and voluntarily made.

At Movant's change of plea hearing, Movant said he understood the charge, the elements of the offense, and that he could be sentenced to not less than ten years and not more than life

3

imprisonment. Movant understood the rights he was waiving and understood that he would likely be deported as a result of his guilty plea. He stated he was not coerced or induced to plead guilty and that he had read and understood the plea agreement before signing it. Movant confirmed that everything contained in the Factual Basis was true and correct. The Court admonished Movant as to his waiver of rights and the rights he was reserving. Accordingly, the plea hearing also shows that Movant's guilty plea was knowing and voluntary. Criminal Action No. 4:13-CR-38(17) (#723).

The Factual Basis states that Movant's role was "to assist co-conspirators with the smuggling of drug proceeds from the United States to Columbia from the sale of cocaine in the United States with some of the cocaine distributed to other co-conspirators and co-defendants." Criminal Action No. 4:13cr38(17) (#455). It further states that Movant made an agreement with one or more persons "to knowingly and intentionally possess with the intent to distribute and dispense 450 kilograms or more of a mixture or substance containing a detectable amount of cocaine." *Id*. In the Findings of Fact, the United States Magistrate Judge concluded that Movant "knowingly, freely, and voluntarily consented to the administration of the guilty plea." Criminal Action No. 4:13-CR-38(17) (#477). In the absence of a plea agreement, he would have faced a guideline imprisonment range of 168 to 210 months if found guilty of the offense at trial.

In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him

4

that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir.), *cert. denied*, 513 U.S. 1064 (1994). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Wilkes,* 20 F.3d at 653; *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983), *cert. denied*, 466 U.S. 976 (1984). Accordingly, Movant's first issue concerning sentencing was waived by his knowing and voluntary plea agreement. Furthermore, Movant's issue concerns the Court's technical application of the sentencing guidelines, which does not give rise to a constitutional issue. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Reserved for review are Movant's claims that his counsel was ineffective. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James*, 56 F.3d at 667. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to

counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When, as here, a movant pleads guilty, he must also show that, but for trial counsel's alleged deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**Failure to Object**

Movant claims counsel was ineffective for failing to object to the PSR, which did not provide a sentence reduction for a minor role participant. A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance), *cert. denied*, 525 U.S. 969 (1998). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second-guess counsel). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action

6

might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999). A defendant must allege specifically what actions counsel should have taken and how such actions would have affected the outcome.

A review of the record shows that counsel, indeed, did not file objections to the PSR. Prior to sentencing, however, counsel filed a sentencing memorandum and motion for downward departure seeking a reduction in sentence for a minimal role. Criminal Action No. 4:13-CR-38(17) (#552). Moreover, at sentencing, counsel asked the Court for a minor role reduction. Criminal Action No. 4:13-CR-38(17) (#661). In response, the Assistant United States Attorney stated:

> What the defendant was involved with . . . there are certain roles that each defendant has or plays in the organization. Some are transporters, some are lab operators, some are the people that are negotiating for the sale to other individuals in other countries. So you have a role for each one of them.
>
> The role of this defendant was to assist with the money coming back from the United States. His role was to help get the money back to eventually the lab operator so that they could then continue to produce more cocaine. And in that – and in that role, this defendant was involved with multiple occasions in which money was being sent back from a foreign country back to Columbia so that more cocaine could be produced.
>
> In his sentencing memorandum he talks about a seizure that occurred in Panama, so that was a seizure that we could attribute directly to this organization.
>
> Also what we have in evidence in this case are intercepted calls. And in those intercepted calls that occurred in Columbia, the defendant is overheard talking about other transactions in which money was sent back from a foreign country back to Columbia. So this was not the only event in which he was involved in and assisted in the laundering of money. Hence the fact that he pled to more than 450 kilograms of cocaine, which would have been derived from the proceeds of the cocaine that was sent abroad to other countries.

> So, based on that, the government would state to the Court that we don't believe that he's a minor or minimal participant. He was a key link in the chain of distribution. His role was to get the money back so that more production could occur.

Criminal Action No. 4:13-CR-38(17) (#661). The Court concluded that Movant, due to the multiple transactions in which he was involved, which provided funding for additional production of cocaine over the course of the five-year conspiracy, did not fall within the category of a minor role participant, and denied counsel's request. Accordingly, Movant cannot show prejudice for counsel's failure to object, and this claim is meritless. *Strickland*, 466 U.S. at 694.

**Promise of Certain Sentence**

Movant next claims counsel promised him that his sentence would be no more than seventy months' imprisonment. A guilty plea may be invalid if it is shown that it was induced by unkept promises from counsel. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "On the other hand, a defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *Id*. (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). To obtain relief on this basis, a defendant must prove the exact terms of the alleged promise, exactly when, where, and by whom the promise was made, and the precise identity of an eyewitness to the promise. *Id.*

Movant does not direct this Court to any evidence from the record, or otherwise, showing that counsel promised his sentence would be no more than seventy months. In his Reply, Movant merely states that counsel visited him at the Fannin County Jail on September 28, 2016, and told him he would receive seventy months if he signed the plea agreement. (#9). Movant, however, does not provide the identity of an eyewitness to this promise or an affidavit from such eyewitness.

In contrast to his allegations, the record shows that when Movant entered his guilty plea on October 6, 2016, he stated that he understood the charges against him and the maximum possible penalties. He also stated that his plea of guilty was knowingly and voluntarily made. In his plea agreement, Movant acknowledged that the Court could impose a sentence of "*not less than 10 years* and not more than life imprisonment." Criminal Action No. 4:13-CR-38(17) (#453) (emphasis added). Movant stated at his plea hearing that no one had promised him anything to induce him to plead guilty, other than what was contained in the plea agreement. Criminal Action No. 4:13-CR-38(17) (#723). In the Findings of Fact, the Magistrate Judge noted, "Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement)." Criminal Action No. 4:13-CR-38(17) (#477). The Court recognizes that a Spanish language interpreter was provided at both the plea hearing and the sentencing hearing; accordingly, any allegations that Movant did not understand the proceeding are disingenuous. Furthermore, the Court sentenced Movant at the lowest end of the applicable guideline range of 135 to 168 months; thus, Movant cannot show prejudice. *Strickland*, 466 U.S. at 694. Movant fails to fulfill the requirements necessary to obtain relief on this basis, and the record refutes his allegations. *Cervantes*, 132 F.3d at 1110. Movant also fails to show there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have proceeded to trial, where he faced a far longer sentence if convicted. *Hill*, 474 U.S. at 59. Accordingly, this issue is also without merit.

**Brevity of Consultation Time**

Movant complains that his attorney, who speaks Spanish, met with him on only two occasions. It is well-settled that brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2d 279, 282-83 (5th Cir. 1984). Movant points to no evidence in the record showing that, but for counsel's failure to meet with him more than twice, he suffered prejudice. *Strickland*, 466 U.S. at 694. The issue is baseless.

**Failure to File an Appeal**

Finally, for the first time in his Reply, Movant alleges that he asked counsel to file an appeal on his behalf. (#9). If a movant is able to demonstrate by a preponderance of the evidence that he asked counsel to file an appeal and that counsel failed to do so, prejudice will be presumed and the movant would be entitled to an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). A review of Movant's § 2255 motion, however, shows that Movant never claimed he asked his attorney to file an appeal on his behalf. In response to a question on the standard § 2255 form, Movant merely responded he had not filed an appeal because of his lawyer's advice. (#1). Such a statement does not constitute a *Tapp* issue—he did not claim he asked counsel to file an appeal and counsel refused to do so. Further, the record contains no indication that Movant asked for leave to amend his motion to add this issue to his § 2255 case. Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a § 2255 motion must specify all the grounds for relief available, as well as the facts supporting each ground.

The record shows that the Court fully admonished Movant as to his right to appeal at the sentencing hearing. The Court advised Movant that if was unable to pay the cost of an appeal, "a clerk of the court will prepare and file a notice of appeal on your behalf." Criminal Action No. 4:13-CR-38(17) (#661). Movant points to no evidence in the record showing that he wished to appeal or more importantly, that he asked his counsel to file an appeal. Movant provides only conclusory allegations, which are insufficient to provide relief in a habeas proceeding. *Ross*, 694 F.2d at 1011-12. Sworn, in-court, testimony at Movant's hearings is strongly presumed to be truthful, especially in light of his now self-serving rendition of the events that occurred. *See United States v. Crain,* 877 F.3d 637, 644 (5th Cir. 2017) ("'Solemn declarations in open court carry a strong presumption of verity[,]' and 'constitute a formidable barrier in [] subsequent collateral proceedings.'").

Moreover, new issues raised in a Reply are not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). The Fifth Circuit deems arguments raised for the first time in a reply brief to be waived. *See Cavazos v. JP Morgan Chase Bank Nat'l Ass'n*, 388 F. App'x 398, 399 (5th Cir. 2010); *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). District courts have similarly refused to consider such late arguments in civil cases. *See Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) (stating that "the court can decline to consider an argument raised for the first time in a reply brief"); *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) (noting that "[i]n the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response"); *Senior Unsecured Creditors' Comm. of First*

11

*Republic Bank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (stating that "[t]he [defendant] raised its third argument for the first time in its reply brief and the court will not consider it in deciding the motion to dismiss").

Both the Fifth Circuit and district courts have also refused to consider new issues raised for the first time in a movant's Reply in § 2255 cases. *See Cervantes*, 132 F.3d at 1111 (district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply after the Government filed its response); *Marroquin v. United States*, No. 3:08-CV-0489, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009) (new claims raised for the first time in a reply need not be considered by the court) (citing *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999), *cert. denied*, 528 U.S. 2000)). A reply is an opportunity to respond to the arguments raised in the response and is not a forum to raise new issues. *Marroquin*, 2009 WL 89242, at *4. Accordingly, by raising this new claim for the first time in his Reply, Movant has waived the claim. *Id*.

## CONCLUSION

The Court concludes that Movant's guilty plea was knowing and voluntary; thus, the guilty plea agreement must be upheld on federal review. *Wilkes*, 20 F.3d at 653. Therefore, Movant's sentencing issue is waived pursuant to the waiver in his plea agreement. Furthermore, the sentencing issue is not a cognizable claim on collateral review. *Towe*, 26 F.3d at 616. Movant's issue concerning counsel's failure to file an appeal is also waived. *Cervantes*, 132 F.3d at 1111. Reserved for review, however, are Movant's claims that counsel was ineffective. In those claims, Movant fails to meet his burden of showing that, but for counsel's alleged deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. He also fails

to show that, but for trial counsel's alleged deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. For these reasons, Movant's motion for writ of habeas corpus provides no basis for relief.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, the Court will address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).

> When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [Certificate of Appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

13

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists would not debate the denial of Movant's § 2255 motion on substantive or procedural grounds or find that the issues presented are worthy of encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

Therefore, it is **ORDERED** that Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED,** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 26th day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE